

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530

___

<u>**By ECF**</u>

February 1, 2019

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re:    *NAACP Legal Defense & Educational Fund, Inc. v. U.S. Dep't of Justice*, No. 18-cv-9363 (AJN)

Dear Judge Nathan:

We write respectfully on behalf of both parties in the above-referenced action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in advance of the initial pretrial conference, which is scheduled for 3:15 PM on February 8, 2019. Because this is an action brought pursuant to FOIA, we understand Local Civil Rule 16.1 to exempt the parties from the requirement of a mandatory scheduling order under Fed. R. Civ. P. 16(b).[1] We submit along with this letter a Civil Case Management Plan and Scheduling Order with the applicable portions completed, although we believe that many of the standard case management structures are not applicable in this case because we expect that this matter, like most FOIA matters, does not require discovery and will be resolved on cross-motions for summary judgment.

The parties provide this joint letter in accordance with the Court's Order, dated October 26, 2018. Doc. 10. The numbered paragraphs below correspond to the numbered requests for information in the Court's Order.

**1.    A brief statement of the nature of the action and the principal defenses thereto.**

On April 11, 2018, Plaintiff NAACP Legal Defense & Educational Fund, Inc. ("LDF") submitted a FOIA request ("Request") to the U.S. Department of Justice ("DOJ") seeking records concerning DOJ's role in the Department of Commerce's decision to add a citizenship status question to the 2020 decennial U.S. Census. The Request specifically seeks records in DOJ's Civil Rights Division ("CRT") and the Office of Legal Policy ("OLP"). It is Plaintiff's position that the addition of a citizenship status question is of strong public interest as it would affect the voting rights and political participation of countless people and communities, and because it directly implicates the federal government's constitutional obligation to conduct an accurate and non-discriminatory decennial census. DOJ did not produce any documents responsive to Plaintiff's request prior to the filing of this action on October 12, 2018; and CRT sent Plaintiff a letter indicating that all responsive

___

[1] The Court's Civil Case Management Plan and Scheduling Order asks whether the parties consent to conducting all further proceedings before a United States Magistrate Judge. As reflected in that document, the parties at this time do not consent to conducting all further proceedings before a United States Magistrate Judge. The parties propose a February 20, 2019, deadline for amended pleadings or joining additional parties.

records were exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(5) and (b)(7)(A). Doc. 1. Defendant DOJ answered Plaintiff's Complaint on November 16, 2018. On that same date, CRT produced 78 pages of responsive documents with redactions taken under 5 U.S.C. §§ 552(b)(5) and (b)(6), and withheld in full an additional 42 pages pursuant to claims of exemption under 5 U.S.C. § 552(b)(5). On January 31, 2019 OLP informed Plaintiff that it had completed its search and no responsive records were located.

Defendant's principal defenses are that Defendant exercised due diligence in processing Plaintiff's FOIA request; Defendant conducted an adequate search for responsive records; exceptional circumstances exist that necessitate additional time for Defendant to complete processing of the FOIA request; and some responsive information is exempt from disclosure. Finally, Defendant's position is that it has produced numerous documents and expects to shortly complete its processing of Plaintiff's request.

The parties submit that the adequacy of Defendant's searches for documents, and whether documents have lawfully been withheld or redacted by Defendant pursuant to claimed FOIA exemptions will be the legal and factual issues most important to resolving the case. The parties anticipate that these issues will be resolved on cross-motions for summary judgment.

### 2. A brief explanation of why jurisdiction and venue lie in this Court.

Because this action arises under FOIA, this Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701–706, and 28 U.S.C. §§ 1331, 2201, and 2202. Venue is proper in the United States District Court for the Southern District of New York pursuant to 5 U.S.C. §§ 552(a)(4)(B) because Plaintiff has its principal place of business in this district.

### 3. A brief description of all outstanding motions and/or all outstanding requests to file motions.

There are no pending motions at this time.

### 4. A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations.

No discovery has taken place. The parties do not believe discovery will be helpful for the parties to engage in meaningful settlement negotiations.

### 5. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.

No settlement discussions have taken place. However, the parties have had productive discussions regarding Defendant's processing and production of documents. As discussed further below, Defendant expects to complete its processing of Plaintiff's request by February 20, 2019. Once Defendant has provided its final responses the parties will attempt to resolve any disputes over claimed FOIA exemptions and the scope of Defendant's search for documents responsive to Plaintiff's Request before bringing any motion to the Court.

**6.      The estimated length of trial.**

The parties do not believe a trial will be necessary because the parties expect that this case, like most FOIA cases, can be resolved at summary judgment.

**7.      Any other information that the parties believe may assist this Court in resolving the action.**

The parties have productively discussed how this case should proceed, and believe that a four-brief summary judgment briefing schedule would be appropriate.  The parties respectfully propose the following schedule:

    a.   Defendant provides final responses to Plaintiff's FOIA request on or before February 20, 2019.

    b.   After the parties have conferred, Plaintiff informs Defendant of the scope of its challenges on or before March 6, 2019.

    c.   Defendant files its motion for summary judgment on or before April 12, 2019.

    d.   Plaintiff files its combined cross-motion for summary judgment and opposition on or before May 10, 2019.

    e.   Defendant files its combined opposition and reply on or before June 7, 2019.

    f.   Plaintiff files its reply on or before June 28, 2019.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Leah C. Aden                              JOSEPH H. HUNT
Sherrilyn A. Ifill                                 Assistant Attorney General
   President & Director Counsel
Janai S. Nelson                                MARCIA BERMAN
Samuel Spital                                   Assistant Branch Director
Aaron Sussman
John Z. Morris                                 /s/ Rebecca M. Kopplin
NAACP LEGAL DEFENSE AND            REBECCA M. KOPPLIN
   EDUCATIONAL FUND, INC.           Trial Attorney (California Bar No. 313970)
40 Rector St., 5th Fl                           United States Department of Justice
New York, NY                                   Civil Division, Federal Programs Branch
(212) 965-2200                                 1100 L Street NW
laden@naacpldf.org                           Washington, D.C.  20005
                                                        Telephone:  (202) 514-3953
                                                        Facsimile:  (202) 616-8470
/s/ Austin R. Evers                           Email: Rebecca.M.Kopplin@usdoj.gov
Austin R. Evers
   Executive Director
Cerissa Cafasso (D.C. Bar No. 1011003)*    *Counsel for Defendant*
AMERICAN OVERSIGHT

3

1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
austin.evers@americanoversight.org
cerissa.cafasso@americanoversight.org

*Pro Hac Vice*

*Counsel for Plaintiff NAACP Legal Defense and Educational Fund, Inc.*

CC: All Counsel of Record (by ECF)