UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 18-cv-09363 (AJN) ) ) ) ) ) ) ) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE ARE NO GENUINE ISSUES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT**

Pursuant to Local Civil Rule 56.1, Plaintiff NAACP Legal Defense & Educational Fund, Inc. hereby submits the following statement of material facts as to which Plaintiff contends that there are no genuine issues in support of its motion for summary judgment against Defendant U.S. Department of Justice. The attached Declaration of Leah C. Aden supports this statement.

**Plaintiff's Statement of Material Facts**

1. By letter dated December 12, 2017, the U.S. Department of Justice (DOJ) requested that the U.S. Census Bureau, a component of the U.S. Department of Commerce (DOC), include a citizenship status question on the 2020 Census stating that "this data is critical to the Department's enforcement of the Voting Rights Act and its important protections against racial discrimination in voting." Compl. ¶ 6.

2. On March 26, 2018, the DOC announced that it was directing the U.S. Census Bureau to add a citizenship status question to the form that the U.S. Census would provide to every U.S. household beginning in 2020. Compl. ¶ 2.

*Plaintiff's FOIA Request*

3. Plaintiff LDF submitted a FOIA request to DOJ's Civil Rights Division (CRT) on April 11, 2018.[1] Compl. ¶ 17; Decl. of Tink Cooper, ECF No. 24 ("Cooper Decl."), Ex. A.

4. The request sought:

(1) All documents, including but not limited to draft and final memoranda, opinions, analyses, or correspondence, relating to the U.S. Department of Justice's review of whether a citizenship status question on the 2020 decennial U.S. Census is necessary to enforce Section 2 of the Voting Rights Act and/or how adding a citizenship question will improve protections for minority voting rights.

(2) All documents, including but not limited to draft and final memoranda, opinions, analyses, or correspondence, relating to the U.S. Department of Justice's request for a citizenship status question on the 2020 decennial U.S. Census as necessary to enforce Section 2 of the Voting Rights Act.

(3) All documents, including but not limited to draft and final memoranda, opinions, analyses, or correspondence, relating to the Department's review of whether a citizenship status question on the American Community Survey (ACS) is "insufficient in scope, detail, and certainty" to enforce Section 2 of the Voting Rights Act.

(4) All documents, including but not limited to draft and final memoranda, opinions, analyses, or correspondence, relating to the Department's review of whether a citizenship status question on the 2020 decennial U.S. Census will have an impact on the response rate of Black or African American people on the 2020 decennial U.S. Census count.

(5) All documents, including but not limited to draft and final memoranda, opinions, analyses, or correspondence, relating to the Department's review of whether a citizenship status question on the 2020 decennial U.S. Census will have an impact on the response rate of non-Black or non-African American racial or ethnic groups on the 2020 decennial U.S. Census count.

---

[1] On April 11, 2018, LDF also submitted this request to the Office of Legal Policy (OLP). Because LDF is not challenging OLP's response, the details of the component's actions are not material to Plaintiff's cross-motion for summary judgment and have, therefore, been omitted from this statement.

2

Compl. ¶ 18; Cooper Decl., Ex. A.

5. LDF requested that the DOJ interpret the "term 'document' … in the broadest possible sense within the meaning of the [FOIA]" and to "include, without limitation, any written, printed, typed, spoken, computerized, or other graphic, phonic, or recorded matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original." Compl. ¶ 18 n.13; Cooper Decl., Ex. A.

*DOJ's Pre-Complaint Responses*

6. CRT acknowledged LDF's FOIA request on April 25, 2018, assigning it tracking number 18-00245-F. Compl. ¶ 22; Cooper Decl., Ex. B.

7. On May 31, 2018, CRT informed LDF that it had "determined that all responsive records are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A) since disclosure thereof could reasonably be expected to interfere with law enforcement proceedings regarding the review of this issue by the Civil Rights Division's Voting Section." And further, "certain information within these records . . . should also be denied pursuant to 5 U.S.C. § 552(b)(5), since records consist of attorney work product, and pre-decisional deliberative material and attorney client material." The agency informed LDF that it could resubmit its request once DOJ "has closed this matter" when "any documents that may be released . . . will not jeopardize the Department's currently active enforcement interest in this matter." Compl. ¶¶ 24–26; Cooper Decl., Ex. C.

8. On August 28, 2018, LDF timely filed an appeal with DOJ. Specifically, LDF argued that CRT: (1) failed to demonstrate that it conducted any search, let alone an adequate one, for responsive records; (2) failed to produce all or even any responsive documents (with or without redactions); (3) improperly relied on FOIA exemptions to withhold information, including issuing

unsupported, blanket assertions of exemptions under 5 U.S.C. § 552(b)(7)(A) and 5 U.S.C. § 552(b)(5) without (i) articulating any reasonably foreseeable harm to any interest protected by either of those exemptions, (ii) identifying any functional categories of records to justify application of Exemption 7, (iii) providing any information to assess or even surmise whether any documents justify application of Exemption 5, or (iv) providing any estimate of the volume of materials that it has withheld under the exemptions or why providing such an estimate would harm those interests purportedly protected by those exemptions; and (4) failed in its obligation to segregate and produce responsive, non-exempt information. Compl. ¶¶ 28–29; Aden Decl., Ex. A.

9. By letter dated September 27, 2018, DOJ affirmed CRT's initial determination to withhold records. Compl. ¶ 31; Aden Decl., Ex. B.

10. LDF initiated the instant litigation on October 12, 2018. *See* Compl.

*DOJ's Post-Complaint Responses*

11. On November 16, 2018, CRT provided a "supplemental response" to LDF's request, (i) producing 78 pages of documents in full or in part with redactions, pursuant to claims of exemption under 5 U.S.C. § 552(b)(5) and 5 U.S.C. § 552(b)(6), and (ii) withholding 42 pages of documents in full, pursuant to claims of exemption under 5 U.S.C. § 552(b)(5). *See* Cooper Decl., Exs. D & E.

12. On February 14, 2019, CRT provided a "second supplemental response" that it designated as its "final response," indicating that the documents that it produced in part and withheld in full on November 16, 2018 were responsive to Item (2) of LDF's FOIA request category of requested documents, and that no additional responsive records had been located in response to Items (1), (3), (4), or (5) of the request. *See* Cooper Decl., Ex. F.

13. On March 15, 2019, CRT provided a "third supplemental response," producing in

response to Item (2) of LDF's FOIA request an additional 97 pages without redactions and withholding in full 17 pages, pursuant to claims of exemption under 5 U.S.C. § 552(b)(5). *See* Cooper Decl., Exs. G & H.

14. On May 9, 2019, CRT provided yet another "final supplemental response," producing in response to Item (2) of LDF's FOIA request an additional three pages in part with redactions, pursuant to claims of exemption under 5 U.S.C. § 552(b)(5) and 5 U.S.C. § 552(b)(6), and withholding four pages of documents in full. *See* Cooper Decl., Exs. I & J.

15. A description of the search that DOJ claims to have conducted is contained in the Declaration of Tink Cooper. *See* Cooper Decl.

Dated: June 10, 2019                Respectfully submitted,

/s/ *Leah C. Aden*
Leah C. Aden
Aaron Sussman
John Z. Morris
NAACP LEGAL DEFENSE &
    EDUCATIONAL FUND, INC.
40 Rector Street 5th Fl.
New York, NY 10006
(212) 965-7715
laden@naacpldf.org

*/s/ Cerissa Cafasso*
Austin R. Evers
*Executive Director*
Cerissa Cafasso*
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
austin.evers@americanoversight.org
cerissa.cafasso@americanoversight.org
**admitted Pro Hac Vice*

*Counsel for Plaintiff*